UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ALMOND VON EL,

       Plaintiff,

v.

ECORSE POLICE DEPARTMENT,
C. STAUB, 25TH DISTRICT
COURT, AREN & STAR TOWING
AND RECOVERY, RYAN LAWSON,
GREGORY CLIFTON, and
ANTHONY PUTZ,

       Defendants.
_____/

Civil Case No. 22-12089
Honorable Linda. V. Parker

## **OPINION AND ORDER SUMMARILY DISMISSING ACTION PURSUANT TO 28 U.S.C. § 1915**

On September 6, 2022, Plaintiff filed this pro se action against Defendants and an application to proceed in forma pauperis ("IFP"). In an opinion and order entered September 22, the Court granted Plaintiff's application to proceed IFP and sua sponte dismissed his claims against the Ecorse Police Department and 25th District Court. The Court also required Plaintiff to file an amended complaint in compliance with Rule 8 of the Federal Rules of Civil Procedure within 21 days. (ECF No. 4.) After filings by some of the remaining defendants clarified who they are and their involvement with Plaintiff, the Court entered a second summary dismissal order on October 7, dismissing Plaintiff's claims against Gregory Clifton

(a State court judge) and Anthony Putz (a prosecutor handling certain traffic citations against Plaintiff). (ECF No. 15.) On October 12, the Court received Plaintiff's amended pleading. (ECF No. 16.)

The amended pleading fares no better than Plaintiff's initial complaint in stating a plausible claim against the remaining defendants: C. Staub, Aren & Star Towing and Recovery ("Aren & Star"), and Ryan Lawson. It is evident from Plaintiff's filings that on August 6, 2022, C. Staub issued citations to Plaintiff for certain traffic violations (driving without a license or a license plate). Presumably Plaintiff's vehicle was then towed to Aren & Star, which is owned by Lawson. Plaintiff went to Aren & Star on August 9 to recover the vehicle and was asked to pay "an unreasonable fee of $560[.]" Plaintiff, however, does not deny that he was driving without a license or license plate, and he does not allege any facts to suggest that Aren & Star or Lawson violated any law.

From what the Court can discern, Plaintiff instead seems to be claiming that Defendants' conduct was unlawful solely because he is a Moorish American and thus not subject to the laws of the United States (i.e., he is a "sovereign citizen"). The Sixth Circuit has described such claims to be "meritless rhetoric." *United States v. Coleman*, 871 F.3d 470, 476 (2017) (collecting cases rejecting complaints based on claims of sovereign citizenship). Complaints raising such claims are routinely dismissed as meritless in this District. *See, e.g., People of Temple No. 13*

2

*v. Michigan*, No. No. 21-cv-10328, 2021 U.S. Dist. LEXIS 49002 (E.D. Mich. Mar. 16, 2021); *Moors on behalf of Grady El v. Canton Police Dep't*, 20-cv-10361, 2020 WL 2308679 (E.D. Mich. May 8, 2020); *Grayson-Bey v. Hutchinson*, No. 20-cv-10487, 2020 WL 1047730 (E.D. Mich. Mar. 4, 2020). As the Honorable Nancy Edmunds observed in *People of Temple No. 13*.: "Arguments based on sovereign citizen theories 'have been uniformly rejected by the federal courts" for decades[.]'" 2021 U.S. Dist. LEXIS 49002, at *3 (quoting *Smith v. Heyns*, No. 13-14013, 2014 U.S. Dist. LEXIS 100838, at *3 (E.D. Mich. July 24, 2014)); *see also United States v. Ward*, No. 98-30191, 1999 U.S. App. LEXIS 9255, at *506 (9th Cir. May 13, 1999) (noting that arguments based on sovereign citizen theories are ordinarily rejected "without extended argument").

As it now appears clear that Plaintiff's lawsuit is based on sovereign citizen theories, this Court similarly is dismissing it as frivolous pursuant to 28 U.S.C. § 1915(e). Because any appeal of this decision also would be frivolous, the Court is denying Plaintiff leave to appeal in forma pauperis if he seeks an appeal. *See* 28 U.S.C. § 1915(a)(3).

Accordingly,

**IT IS ORDERED** that Plaintiff's Complaint is summarily **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2).

**IT IS FURTHER ORDERED** that Plaintiff is denied leave to appeal in forma pauperis.

**IT IS SO ORDERED.**

s/ Linda V. Parker<br>
LINDA V. PARKER<br>
U.S. DISTRICT JUDGE

Dated: October 13, 2022

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, October 13, 2022, by electronic and/or U.S. First Class mail.

s/Aaron Flanigan<br>
Case Manager